**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|   |   |
|---|---|
| **MONICA STERLING,** | \* |
| Plaintiff, | \* |
| v. | \*  Case No.: PWG-12-3193 |
| **OURISMAN CHEVROLET OF BOWIE INC.,** *et al.*, | \* |
| Defendants. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On May 8, 2015, I granted the Motion for Summary Judgment, ECF No. 56, that Defendants Ourisman Chevrolet of Bowie, Inc., Henry Hylton, William Taliaferro, and Lewis Gilinsky had filed on September 2, 2014 with regard to the three claims that remained in this case. ECF No. 70. That order closed the case. Almost two months later, Defendants filed a Motion to Reopen Case for the Purpose of Filing Motion for Sanctions Pursuant to Rule 11, ECF No. 72, accompanied by a Motion for Sanctions Pursuant to Rule 11, ECF No. 73. The parties have briefed the Motion to Reopen fully, ECF Nos. 74, 75. Plaintiff Monica Sterling has not responded to the Motion for Sanctions, as this Court's Local Rules do not require a response absent a court order. *See* Loc. R. 105.8(b). A hearing is not necessary. *See* Loc. R. 105.6. Because the sanctions motion is untimely, I will strike it and deny the Motion to Reopen.

**Parties' Arguments**

According to Defendants, the three claims that survived Defendants' earlier motion to dismiss only "survived based on specific untruthful allegations made in Plaintiff's Complaint,

which the Plaintiff and her counsel knew to be untrue at the time they were made." Defs.' Mot. to Reopen ¶ 2.  In their view, "[t]hese untruthful allegations . . . were the sole reason that this litigation continued," and caused Defendants to "incur[] more than $100,000.00 … in attorneys fees and costs to defend themselves against the claims." *Id.* ¶¶ 3–4.  They seek to reopen the case to move for Rule 11 sanctions, specifically, $100,000 to be paid to Defendants to cover to fees they incurred.  *Id.* ¶ 4; *see id.* at 4 (requesting that the Court "direct[] payment of such sanctions to the Ourisman Defendants for the reasonable attorney's fees and other expenses directly resulting from the violations").

Plaintiff contends that the Court should not reopen the case for purposes of allowing Defendants to file what she views as an untimely motion.  Pl.'s Opp'n 4.  She asserts:

> Ms. Sterling's deposition occurred on March 27, 2014. Ms. Sterling supplemented her discovery responses in June 2014, in order to provide Defendants with a copy of the Ally letter. Five (5) months after her deposition and three (3) months after Ms. Sterling supplemented her discovery responses, Defendants filed a Motion for Summary Judgment, which has already been decided and is no longer pending before the Court. Curiously, Defendants did not raise any Rule 11 issues prior to filing the motion for summary judgment, when, at that time, they believed they had a basis to do so, and instead waited almost a year later, until after Plaintiff already addressed the issues, and after the motion for summary judgment was decided and the case was closed.

*Id.*  In her view, this approach is "contrary to the very point of Rule 11, to provide notice and an opportunity to do something," and is an improper use of Rule 11 "to evade the American Rule, which provides that each party pays for its own attorney fees."  *Id.*

### **Discussion**

Rule 11 requires that an attorney presenting any document to the Court certify to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that, *inter alia*, "the factual contentions have evidentiary support or, if

2

specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).  Subpart (c) permits the Court to "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation," after giving the offending party "notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1).  The Court may impose sanctions *sua sponte* or on the opposing party's motion.  Fed. R. Civ. P. 11(c)(2), (3).  Rule 11's "safe harbor" provision states that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

Defendants served Plaintiff's counsel with the Motion for Sanctions on June 15, 2015, and waited twenty-one days (during which Plaintiff did not take any "corrective action," although with summary judgment granted and the case "closed," the only "corrective action" Plaintiff could take was to pay Defendants' claimed attorney's fees) to file the motion, in accordance with the letter of Fed. R. Civ. P. 11(c)(2).  Defs.' Mot. to Reopen ¶ 14.  Yet, more is required: "It is important that [a Rule 11] motion be 'served promptly after the inappropriate paper is filed, and, if delayed too long, [it] may be viewed as untimely.'" *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 152 (4th Cir. 2002) (quoting Fed. R. Civ. P. 11 Advisory Committee's Note (1993) ("Rule 11 Note")).  Less than two weeks before serving Plaintiff, Defendants first notified her of the perceived Rule 11 violations, "twenty-six (26) days *after* this Court issued its final Memorandum Opinion granting summary judgment in favor of the Ourisman Defendants." Defs.' Mot. to Reopen ¶ 5 (emphasis added).  Defendants view this as timely, insisting that "[i]t was not until this court issued its decision on Defendants' Motion for Summary Judgment that

3

the full effect of Plaintiff's conduct became evidence or that Defendants were fully aware of the extent of Plaintiff's counsel's inappropriate conduct." Defs.' Reply 2. But, Defendants should have known of the alleged unfounded factual allegations in the Complaint as early as Ms. Sterling's deposition on March 27, 2014, or in June 2014, when she supplemented her discovery responses, or, at the very latest, September 2, 2014, when they completed and filed their summary judgment motion. Their June 2015 notification and service and July 2015 filing were unnecessarily (and unreasonably) delayed, rendering their motion untimely. *See Hunter*, 281 F.3d at 152; Rule 11 Note.

Defendants attempt to excuse their delay on the basis that "the sanctionable conduct was not something that the Plaintiff could have 'timely corrected' by, for example, withdrawing a motion after being notified of a Rule 11 violation." Defs.' Reply 2. They argue that "Plaintiff's sanctionable conduct was h[er] failure to act, *i.e.*, failure to produce the 'adverse action notice,' failure to withdraw the baseless claims, and failure to correct untruthful allegations." *Id.* Contrary to their assertions, she could have acted in response to timely notification, such as by moving for voluntary dismissal of the remaining claims before Defendants moved for summary judgment or by consenting to summary judgment. Indeed, Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they *withdraw or correct contentions after a potential violation is called to their attention*." Rule 11 Note (emphasis added).

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.

*Id.* Had Defendants timely notified Plaintiff and Plaintiff had voluntarily dismissed her claims, Defendants could have avoided the time and expense of briefing their summary judgment motion, their motion to reopen, and the motion for sanctions. Thus, giving Plaintiff twenty-one days to respond to the motion for sanctions, but not doing so until months after Defendants became aware of the purportedly sanctionable conduct and the Court already granted summary judgment in Defendants' favor, when it was too late for Plaintiff to withdraw or otherwise modify her claims, did not constitute prompt service. *See Hunter*, 281 F.3d at 152; Rule 11 Note.

Moreover, consistent with the Rule 11 Note, the Fourth Circuit has interpreted the "safe harbor" provisions of Rule 11(c)(2) to "preclude the serving and filing of any Rule 11 motion after conclusion of the case." *Id.* (citing Rule 11 Note, which states: "Given the 'safe harbor' provisions ..., a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)."); *see Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005) (noting in *dicta* that the district court had concluded that Rule 11 sanctions, filed after the court dismissed the case for lack of subject matter jurisdiction, "would be improper[] [b]ecause the defendants filed their motions for sanctions after the district court's [dismissal] ruling [such that] Wendt had not been afforded the 'safe harbor' period contemplated under Rule 11(c)[(2)]"). The Fourth Circuit observed that the Ninth and Sixth Circuits have held that "'a party cannot wait until after summary judgment to move for sanctions under Rule 11.'" *Id.* (quoting *Barber v. Miller,* 146 F.3d 707, 711 (9th Cir. 1998); citing *Ridder v. City of Springfield,* 109 F.3d 288, 297 (6th Cir. 1997) (same)). As noted, Defendants did not serve or file their motion until after the Court granted judgment in Defendants' favor and closed the case. Therefore, it is untimely. *See id.*; Rule 11 Note.

5

Additionally, I note that Defendants seek reimbursement for the fees they feel they unnecessarily incurred. In this regard, it is significant that "the purpose of Rule 11 sanctions is to deter rather than to compensate, and therefore, "if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." Rule 11 Note. It is only "under unusual circumstances, particularly for (b)(1) violations," that "the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation." *Id.*

Thus, Defendants' Motion for Sanctions is untimely and runs contrary to the purpose of Rule 11's "safe harbor" provision. I will not reopen this case to permit the filing of a motion that does not comply with Rule 11's filing requirements. *See Hunter*, 281 F.3d at 152; Rule 11 Note.

## **ORDER**

Accordingly, it is, this 12th day of February, 2016, hereby ORDERED that

1. Defendants' Motion to Reopen Case for the Purpose of Filing Motion for Sanctions Pursuant to Rule 11, ECF No. 72, IS DENIED; and

2. Defendants' Motion for Sanctions Pursuant to Rule 11, ECF No. 73, IS STRICKEN.

        /S/
Paul W. Grimm
United States District Judge

lyb